IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01595-BNB

ERIC MARSHALL,

      Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 25 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

I. Background

      Applicant Eric Marshall is in the custody of the Colorado Department of

Corrections and currently is incarcerated at the Sterling, Colorado, Correctional Facility.

Mr. Marshall, acting *pro se*, initiated this action by filing an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his August 28,

1997, conviction in the Denver District Court of Colorado in Case No. 93CR884.  In an

order entered on July 24, 2009, Magistrate Judge Boyd N. Boland directed

Respondents to file a Pre-Answer Response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents requested and were granted

an extension of time until September 11, 2009, within which to respond.  Respondents

filed a Pre-Answer on September 10, 2009.  Subsequently, Mr. Marshall filed a request

for an extension of time, and was granted an extension of thirty days to file a Reply.

The time for Mr. Marshall to file a Reply now has run, and he has failed to file a Reply within the time allowed.

In the Application, Mr. Marshall asserts conflicting statements regarding whether he pled guilty or was convicted by a jury. (Application at 2.) Upon review of the documents attached to Mr. Marshall's Application, and to Respondents' Pre-Answer, it appears that he was convicted by a jury of one count of heat of passion manslaughter. Mr. Marshall also asserts that he filed a direct appeal of his original sentence, which resulted in the Colorado Court of Appeals vacating his sentence and remanding the case to the trial court for resentencing. Mr. Marshall does not state whether or not he appealed his resentencing. Mr. Marshall also asserts that he filed a Colo. R. Crim. P. 35(a) postconviction motion on October 18, 2007, that was denied by the state district court on November 6, 2007, and in which a rehearing was denied by the State's highest court on June 2, 2009.

II.  Analysis

The Court must construe liberally Mr. Marshall's Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

A.  28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall

run from the latest of—

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Marshall's Application is time-barred.  They contend that Mr. Marshall's conviction became final on October 9, 1997, forty-five days after he was resentenced on August 25, 1997.  (Pre-Answer Resp. at 2 and 7.)  Respondents further argue that Mr. Marshall did not file his first postconviction motion until November 23, 1998, over one year after his conviction became final.  Respondents conclude that the instant Application, therefore, is time-barred.

Upon review of the LexisNexis Docket of Mr. Marshall's criminal proceeding in Case No. 93CR884, which is attached to Respondents' Pre-Answer Response, the

Court finds that from October 10, 1997, the day after Mr. Marshall's conviction became final, until November 22, 1998, the day prior to when he filed a Colo. R. Crim. P. 35(b) postconviction motion, no other postconviction motions or collateral proceedings were pending for the purpose of § 2244(d), and the time that is not tolled is greater than a year. Even though Mr. Marshall appears to have filed several other postconviction motions subsequent to the November 23, 1998, Rule 35(b), he still is time-barred under § 2244(d), because from October 10, 1997, until November 22, 1998, the time is not tolled for the purposes of § 2244(d).

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id*.  Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978.  The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008).  Finally, Mr. Marshall bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978.

Mr. Marshall fails to allege sufficient facts that might justify equitable tolling of the one-year limitation period with respect to his claims.  In the Application, on Page Seven

4

under Section "F. Timeliness of Application," Mr. Marshall states that he had "Case No:

93CR884 in different matters that would have brought about a stay pursuant to C.R.S.

13-17.5-104 which could have stop [sic] the Proceedings in the issue that has not been

raised correctly under a Rule 35(a)." It is not clear what Mr. Marshall is attempting to

argue regarding timeliness. Nonetheless, Mr. Marshall had the opportunity to reply to

Respondents' argument that from October 10, 1997, until November 22, 1998, the time

is not tolled for the purposes of § 2244(d), and he failed to do so. Therefore, the

Application will be denied as time-barred under 28 U.S.C. § 2244(d).

### B. State-Court Exhaustion

Because the action clearly is time-barred the Court will refrain from addressing

whether Mr. Marshall has exhausted his state court remedies.

### III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the

action as barred from federal habeas review. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred

by the one-year limitation period set forth in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this _25_ day of ___November___, 2009.

BY THE COURT:


ZITA L. WEINSHIENK, Senior Judge
United States District Court


5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-01595-BNB

Eric Marshall
Prisoner No.  83492
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** the above-named individuals on 11/25/09

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk